UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARONDA MYERS,

         Plaintiff,

    v.

KEVIN J. LACHONA, ESQ., ET AL.,

         Defendant.

Case No. 2:25-cv-01926-TLN-CSK

ORDER AND FINDINGS & RECOMMENDATIONS

(ECF Nos. 18, 20, 22, 31, 36, 38, 47, 54)

Pending before the Court are Defendants Carole Campbell, Belinda Connor, Julie Hatridge, Lachona Law, G. Kevin Lachona, Drobny Rosenthal Law Offices, PC, Harris & Plottel, LLP, Cori B. Jones, Hannah E. Murphy, J. Dean Johnson, and the Law Offices of Johnson Murphy & Jones, Inc.'s motions to dismiss and Plaintiff LaRonda Myers' motion to file notice of supplemental authority and miscellaneous motions.[1] (ECF Nos. 18, 20, 22, 31, 36, 38, 47, 54.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file and vacated the hearings.

For the reasons that follow, the Court DENIES Plaintiff's motion to file notice of supplemental authority, DENIES Plaintiff's miscellaneous motions as moot, and

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

RECOMMENDS GRANTING the motions to dismiss and dismissing this action without leave to amend.

I.    BACKGROUND

A.    Factual Allegations[2]

Plaintiff alleges, among other things, that all Defendants acted in concert to manipulate the trusts and assets of a family trust drafted on June 4, 1993. Second Amended Compl. ("SAC") ¶ 1 (ECF. No. 13). Plaintiff alleges around 2016 to 2017, her father, Ralph C. Struthers, was recovering from a stroke while her mother, Darlene, was "declining mentally." *Id*. at ¶¶ 25-26. On or about October 22, 2017, Mr. Struthers executed a new trust, which Plaintiff alleges named her "in a new role to make decisions for him when he declined." *Id*. at ¶¶ 26-27. On March 1, 2019, Mr. Struthers signed a notarized agreement to the 2017 trust, which allegedly wrote that if any beneficiary named in his trust was found to have been a party to changing his 1993 trust, the beneficiary would be removed from his 2017 trust. *Id*. at ¶ 28.

Plaintiff's SAC subsequently alleges wrongdoing by some of Plaintiff's siblings, lawyers, and law firms, all of whom are named as defendants. *See* SAC. In particular, Plaintiff alleges that upon information and belief, Defendants' conduct reduced Plaintiff's parents' total of savings bonds from 143 to 13 bonds "at some point after 2017." *See id*. at ¶¶ 50-53.

B.    Procedural Posture

On July 10, 2025, Plaintiff LaRonda Myers commenced this action.[3] (ECF No. 1.) Plaintiff amended the Complaint twice, filing the SAC on November 20, 2025. (ECF No.

---

[2]  These facts primarily derive from the SAC (ECF No. 13), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3]  Plaintiff has filed two additional lawsuits in the Eastern District of California: *Myers v. Larson*, No. 2:25-cv-01639-DC-CSK (PS) (E.D. Cal.), and <u>*Myers v. City of Auburn*</u>, No. 2:26-cv-01926-TLN-CKD (PS) (E.D. Cal.).

13.) Plaintiff's SAC names Julie Hatridge, Lachona Law, G. Kevin Lachona, Drobny Law Offices, Inc.[4], Harris & Plottel, LLP, J. Dean Johnson, the Law Offices of Johnson, Murphy & Jones, Hannah E. Murphy, Cori B. Jones, Belinda Connor, and Carole Campbell as Defendants. *Id*.

On December 22, 2025, Defendants Campbell, Connor, and Hatridge filed a motion to dismiss the SAC. (ECF No. 18.) Plaintiff filed an opposition on December 30, 2025. (ECF No. 26.) Defendants Campbell, Connor and Hatridge filed their reply to Plaintiff's opposition on January 9, 2026. (ECF No. 42.) On January 14, 2026, Plaintiff filed a motion for leave to file notice of supplemental authority regarding the motion filed by Defendants Campbell, Connor, and Hatridge. (ECF No. 47.) Defendants Campbell, Connor, and Hatridge filed an opposition to Plaintiff's motion on January 22, 2026. (ECF No. 51.)

On December 24, 2025, Defendants Lachona Law and Lachona filed a motion to dismiss the SAC. (ECF No. 20.) Plaintiff filed an opposition on January 5, 2026. (ECF No. 34.) Defendants Lachona Law and Lachona filed their reply on January 15, 2026. (ECF No. 46.)

On December 29, 2025, Drobny Rosenthal Law Offices ("Drobny") filed a motion to dismiss the SAC. (ECF No. 22.) On January 5, 2026, Plaintiff filed a request to correct a misnomer/caption regarding Drobny. (ECF No. 36.) Plaintiff also filed a request to submit Defendant Drobny's motion on the papers. (ECF No. 38.) Plaintiff filed an opposition on January 6, 2026. (ECF No. 33.) Defendant Drobny filed a reply on January 15, 2026. (ECF No. 49.)

On December 31, 2025, Defendant Harris & Plottel, LLP filed a motion to dismiss the SAC and filed an amended motion to dismiss on January 2, 2026. (ECF Nos. 24,

---

[4] Defendant Drobny Law Offices, Inc. is a terminated entity per California State Business records. (ECF No. 36.) Nevertheless, Defendant has filed a motion to dismiss and replied in this action. (ECF Nos. 22, 49.) Plaintiff requests the Court correct Defendant's name in the caption and operative pleading to Drobny Rosenthal Law Offices, PC. *(*ECF No. 36.)

30.) Plaintiff filed an opposition on January 6, 2026 and Defendant replied on January 15, 2026. (ECF Nos. 37, 45.) Defendant's amended motion failed to include a memorandum of points and authorities. (ECF No. 30.) Out of an abundance of caution, the Court directed Defendant Harris & Plottel to re-file the motion on April 22, 2026 (ECF No. 53.)  If Plaintiff so chose, the order allowed her to file a supplemental opposition and for Defendant to file a supplemental reply thereafter. *Id*. if Plaintiff did not file a supplemental opposition, the Court would consider the parties' previously filed opposition and reply. *Id*.  Defendant corrected its filing and filed the complete amended motion to dismiss the SAC on April 23, 2026. (ECF No. 54.) Plaintiff did not file an opposition within 14 days. *See* Docket. On May 27, 2026, Plaintiff filed a "Notice of Non-Receipt," stating that she did not receive the re-filed motion and asked the Court for an extension to submit a supplemental opposition. (ECF No. 56.) On May 28, 2026, Defendant filed a declaration in response to Plaintiff's filing accompanied with proof of service from the re-filed opposition. (ECF No. 57.) On June 2, 2026, the Court denied Plaintiff's request for an extension and closed briefing based on Defendant's presentation of proof of service and would consider the opposition and reply that were already filed. (ECF No. 58.)

On January 5, 2026, Defendants Jones, Johnson, and Murphy, and the Law Offices of Johnson, Murphy & Jones filed a motion to dismiss the SAC. (ECF No. 31.) Plaintiff filed an opposition on January 12, 2026. (ECF No. 44.) No reply was filed. *See* Docket.

On January 7, 2026, the undersigned issued a minute order vacating the hearings set for the motions to dismiss pursuant to Local Rule 230(g). (ECF No. 41.) Briefing is complete on all motions to dismiss.

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III.    DISCUSSION

All Defendants argue that the SAC must be dismissed for lack of subject matter jurisdiction, and for failure to state a claim under which relief could be granted. *See* Def. Connor Mot. at 7-18 (ECF No. 18); *see* Def Lachona Law Mot. at 15-30 (ECF No. 20); *see* Def. Drobny Mot. at 4-11 (ECF No. 22); *see* Def. Harris & Plottel Mot. at 11-31 (ECF

No. 54) *see* Def. Jones Mot. at 8-22 (ECF No. 31) Separately, Defendants Connor, Hatridge, Campbell, Johnson, Murphy, and the Law Offices of Johnson, Murphy & Jones argue Plaintiff's prayer for attorneys' fees, punitive damages, and appointment of accountant or a special master should be stricken. *See* Def. Connor Mot. at 18-19; *see* Def. Jones Mot. at 21-22. Defendant Drobny argues the Complaint should be dismissed because there is another action pending in the Placer County Superior Court. *See* Def. Drobny Mot. at 11. Because the Court finds it lacks subject matter jurisdiction over the SAC, it need not address Defendants' remaining arguments.

### A.    Defendants' Requests for Judicial Notice

Defendants Connor, Hatridge, Campbell, Lachona Law, Lachona, Drobny, and Harris & Plottel, LLP request that the court take judicial notice of a petition for approval of settlement and first account and report of trustees filed *In re The Ralph C. Struthers Revocable Trust*, dated October 22, 2017, Placer County Superior Court, Case No. SPR0010014. (ECF Nos. 18-2 at 2, 20-1 at 2, 22-2 at 3, 54-2 at 2.)

Defendant Drobny also requests that the court take judicial notice of a petition for approval of settlement agreement, accountings, and proposed actions of co-trustees filed *In re the Probate-Roseville Struthers Fam 1993 Trust*, dated January 15, 2020, Placer County Superior Court, Case No. S-PR-0010066. (ECF No. 22-2 at 3.)

Defendant Harris & Plottel, LLP further requests that the court take judicial notice of (1) a settlement agreement signed by Plaintiff on December 10, 2019 regarding distribution of the trust assets between Plaintiff and other parties interested in the Struthers Family 1993 Revocable Trust dated June 4, 1993 and the Ralph C. Struthers Trust dated October 22, 2017; (2) a June 27, 2019 order releasing Mr. Struthers' remains to Plaintiff; (3) a March 17, 2020 order appointing Plaintiff as executor of Mr. Struthers' will; (4) a signed settlement agreement by Plaintiff on July 11, 2024 regarding the distribution of trust assets between Plaintiff and other parties interested in the two trusts; (5) an order dated August 7, 2025 removing Plaintiff from her position as co-trustee; (6) an order to show cause issued October 24, 2025 as to why Plaintiff should

not be labeled a vexatious litigant; and (7) a substitution of counsel form filed by Defendant Lachona listing Defendant Harris & Plottel, LLP as his employer. (ECF No. 54-2 at 2-3.)

Because the Court dismisses this action without leave to amend based on lack of subject matter jurisdiction and declines supplemental jurisdiction of the remaining state law claims, the Court denies Defendants' requests for judicial notice as moot.

### B.    Subject Matter Jurisdiction

All Defendants argue that Plaintiff's SAC lacks subject matter jurisdiction and does not raise issues under federal law. *See* Def. Connor Mot. at 7-8 (ECF No. 18); *see* Def Lachona Law Mot. at 15-19 (ECF No. 20); *see* Def. Drobny Mot. at 4-5 (ECF No. 22); *see* Def. Harris & Plottel Mot. at 11-19 (ECF No. 54) *see* Def. Jones Mot. at 8-9 (ECF No. 31). The Court agrees and finds the SAC fails to establish subject matter jurisdiction.

This federal court's jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. The SAC appears to assert federal question jurisdiction based on federal regulations governing U.S. savings bonds, the Supremacy Clause, and Preemption. SAC ¶¶ 67-69. However, the SAC does not adequately present any federal question. The SAC fails to present facts that suggest any Defendant violated federal law governing savings bonds. On the contrary, Plaintiff merely alleges that Defendants "caused many of [the savings bonds at issue] to be cashed, retitled, or diverted in ways that violated federal regulations..." *Id*. at ¶ 67. This allegation is conclusory and fails to demonstrate whether there is federal authority to seek the relief Plaintiff requests. Additionally, the SAC fails to explain how the Supremacy Clause or Preemption permits a finding of federal question jurisdiction. Federal question jurisdiction requires a civil action to arise under the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the

7

face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks and citation omitted). The SAC does not provide a short and plain statement showing that Plaintiff is entitled to relief under federal law.

The SAC also fails to allege diversity of citizenship among the parties to establish diversity jurisdiction. A review of the SAC shows that several Defendants reside in California, where Plaintiff is also a resident. *See* Docket; ECF No. 13-1 at 2. This defeats the complete diversity requirement under 28 U.S.C. § 1332(a). *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Therefore, the Court lacks subject matter jurisdiction over this action.

### C.    Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

In light of the Court's lack of subject matter jurisdiction, the Court finds granting leave to amend would be futile. Accordingly, leave to amend should be denied.

### D.    Plaintiff's Motion to File Notice of Supplemental Authority

On January 14, 2026, Plaintiff filed a motion for leave to file notice of supplemental authority, which the Court construes as an attempt to file a sur-reply. Pl. Mot. Leave (ECF No. 47). Plaintiff's motion addresses the motion to dismiss filed by Defendants Connor, Hatridge, and Campbell, which was submitted on January 9, 2026. *Id*. at 1; Def. Connor Reply (ECF No. 42). Since that motion to dismiss was fully submitted, Plaintiff does not have a right to file a sur-reply under the Local Rules or the

Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendants' reply did not raise any new arguments or evidence that would justify granting a request to file a sur-reply. Therefore, the Court denies Plaintiff's motion for leave to file notice of supplemental authority (a sur-reply).

  **E.  Other Pending Motions**

  Plaintiff has filed two additional motions: a request to correct misnomer/caption regarding Defendant Drobny and a request to submit Defendant Drobny's motion to dismiss on the papers and decide the motion without oral argument. (ECF Nos. 36, 38.) Because Defendant Drobny has appeared, Defendant Drobny filed a motion to dismiss and a reply, and the Court has submitted all Defendants' motions on the record and written briefing without oral argument (ECF Nos. 22, 41, 49), the motions are denied as moot.

**IV.  CONCLUSION**

  In conclusion, IT IS HEREBY ORDERED that:

  1.  Plaintiff's motion for leave to file notice of supplemental authority (ECF No. 47) is DENIED.

  2.  Plaintiff's request to correct misnomer/caption (ECF No. 36) is DENIED as moot; and

  3.  Plaintiff's request to submit the motion on the papers (ECF No. 38) is DENIED as moot.

  Further, based upon the findings above, it is RECOMMENDED:

  1.  Defendants Campbell, Connor, Hatridge, Lachona Law, Lachona, Drobny, Jones, Johnson, Murphy, Law Offices of Johnson, Murphy & Jones, and Harris & Plottel, LLP's motions to dismiss based on lack of subject matter jurisdiction (ECF Nos. 18, 20, 22, 31 54) are GRANTED;

  2.  The action be DISMISSED without leave to amend; and

  3.  The Clerk of the Court be directed to CLOSE this case.

  These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 4, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, meye.1926.25.mtd