**LaRonda Myers**
12060 Mont Vista Drive
Auburn, California 95603
Telephone: (530) 320-1727
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

**LaRonda Myers,**

Plaintiff,

v.

**G. Kevin Lachona, Esq., et al.,**

Defendants.

Case No. **2:25-cv-01926-TLN-CSK**



FILED

JUN 09 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**PLAINTIFF'S SPECIFIC OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS**

**AND RECOMMENDATIONS (ECF NO. 60) AND REQUEST FOR LEAVE TO FILE A**

**NARROWED THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND**

**AUTHORITIES; DECLARATION OF LARONDA MYERS; EXHIBITS A-C;**

**[PROPOSED] ORDER; PROOF OF SERVICE BY MAIL**

Re: Defendants' Motions to Dismiss, ECF Nos. 18, 20, 22, 31, 54; Magistrate Judge's June 4,

2026 Order and Findings and Recommendations, ECF No. 60

## TABLE OF CONTENTS

I. INTRODUCTION AND RELIEF REQUESTED ........................................................................1

II. LEGAL STANDARDS.............................................................................................................2

III. SPECIFIC OBJECTIONS ......................................................................................................3

    A. Objection No. 1: Dismissal Without Leave to Amend Is Error Because the Ninth Circuit Requires Amendment for Pro Se Litigants Unless It Is Absolutely Clear the Deficiencies Cannot Be Cured...........................................................................................................................3

    B. Objection No. 2: Plaintiff Can Amend to Plead a Disputed and Substantial Federal Issue Under 28 U.S.C. § 1331 ..............................................................................................................4

    C. Objection No. 3: Section 2201 Is Invoked Only as a Declaratory Remedy, Not as an Independent Basis for Jurisdiction.................................................................................................6

    D. Objection No. 4: Treasury Confidentiality Rules and Exxon Shipping Support Non-Futility Only in a Limited Way................................................................................................................7

    E. Objection No. 5: The Narrowed Claim Does Not Fall Within the Probate Exception .........8

    F. Objection No. 6: Exhibits A-C Are Submitted Only to Show Amendment Is Not Futile.....9

    G. Objection No. 7: Service Issues Support Consideration of Plaintiff's Response and Alternative Relief........................................................................................................................10

IV. CONCLUSION AND REQUESTED RELIEF .....................................................................10

DECLARATION OF LARONDA MYERS.................................................................................12

EXHIBIT A COVER PAGE........................................................................................................17

EXHIBIT B COVER PAGE........................................................................................................18

i

EXHIBIT C — PROPOSED COUNT I: DECLARATORY RELIEF — FEDERAL RECOGNITION OF U.S. SAVINGS BOND TRANSACTIONS UNDER TREASURY REGULATIONS.................................................................................................19

[PROPOSED] ORDER.........................................................................................................22

PROOF OF SERVICE BY MAIL .......................................................................................24

ii

## TABLE OF AUTHORITIES

Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009)...................................................................................2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)...........................................................2

Curtis v. Brunsting, 704 F.3d 406 (5th Cir. 2013) .................................................................8

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) ...........................2, 3

Erickson v. Pardus, 551 U.S. 89 (2007)..............................................................................2, 3

Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774 (9th Cir. 1994) .........................7

Foman v. Davis, 371 U.S. 178 (1962) .................................................................................2, 3

Free v. Bland, 369 U.S. 663 (1962) .......................................................................................5

Goncalves v. Rady Children's Hospital San Diego, 865 F.3d 1237 (9th Cir. 2017).............8

Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308

(2005) ...................................................................................................................................4, 5

Gunn v. Minton, 568 U.S. 251 (2013)..................................................................................4, 5

Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010) .....................................................................2, 3

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc)......................................................3

Marshall v. Marshall, 547 U.S. 293 (2006) ..........................................................................8

Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1987).....................................................................3

Rosati v. Igbinoso, 791 F.3d 1037 (9th Cir. 2015) ................................................................3

Silk v. Bond, 65 F.4th 445 (9th Cir. 2023) .............................................................................8

Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950) .............................................6

Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011)........................................................................2

United States v. Chandler, 410 U.S. 257 (1973)................................................................5

Yiatchos v. Yiatchos, 376 U.S. 306 (1964) .......................................................................5

**Statutes**

28 U.S.C. § 1331................................................................................................ 1, 4-6, 19

28 U.S.C. § 2201.......................................................................................................6, 19

28 U.S.C. § 636(b)(1) ....................................................................................................2

31 U.S.C. § 3105............................................................................................................5

**Rules**

Fed. R. Civ. P. 5.2....................................................................................................17, 18

Fed. R. Civ. P. 12(b)(6)..................................................................................................2

Fed. R. Civ. P. 15(a)(2)...................................................................................2, 3, 10, 11

Fed. R. Civ. P. 57......................................................................................................6, 19

Fed. R. Civ. P. 72(b) .................................................................................................2, 10

**Regulations**

31 C.F.R. § 323.2(b) .................................................................................................7, 20

31 C.F.R. Part 315......................................................................................................5, 19

31 C.F.R. Part 353......................................................................................................5, 19

31 C.F.R. Part 359......................................................................................................5, 19

31 C.F.R. Part 360......................................................................................................5, 19

31 C.F.R. Part 363......................................................................................................5, 19

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff LaRonda Myers, appearing pro se, respectfully submits these specific objections to the Magistrate Judge's June 4, 2026 Findings and Recommendations.

Plaintiff does not ask the Court to decide the merits. Plaintiff objects only to dismissal without leave to amend because Plaintiff can amend to plead a narrowed Third Amended Complaint focused on one federal declaratory claim concerning U.S. Savings Bond registration, reissue, conversion, redemption, transfer, payment, proceeds, and Treasury-recognized transaction history.

The proposed amendment is narrow. Plaintiff does not seek to litigate probate administration, elder abuse, burial issues, accountings, trustee appointment or removal, state-court settlement issues, or distribution of trust or estate property.

Plaintiff specifically objects to the Findings and Recommendations to the extent they:

• find that Plaintiff has not identified a curable federal-question theory;

• recommend dismissal without leave to amend;

• conclude that amendment would be futile despite Plaintiff's proposed narrowed U.S. Savings Bond claim;

• do not analyze whether Plaintiff can amend to plead federal-question jurisdiction under 28 U.S.C. § 1331 based on a disputed and substantial federal issue under applicable Treasury regulations; and

• do not apply the Ninth Circuit's liberal pro se leave-to-amend standard requiring leave unless it is absolutely clear the deficiencies cannot be cured.

1

Plaintiff respectfully requests that the District Judge conduct de novo review under Rule 72(b), decline to adopt the recommendation of dismissal without leave to amend, and grant Plaintiff leave to file a narrowed Third Amended Complaint. In the alternative, if the Court concludes that a separate noticed motion or complete proposed Third Amended Complaint is required, Plaintiff requests fourteen days to file a Rule 15(a)(2) motion for leave to amend attaching a proposed Third Amended Complaint containing the narrowed Count I set forth in Exhibit C.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the District Judge must review de novo those portions of a magistrate judge's findings and recommendations to which a party specifically objects. The District Judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions.

A complaint survives Rule 12(b)(6) dismissal if it pleads sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court draws reasonable inferences in the plaintiff's favor. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Relevant factors include undue delay, bad faith, repeated failure to cure deficiencies, prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Ninth Circuit, leave to amend is applied with "extreme liberality," and prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Dismissal without leave is improper unless it is

2

absolutely clear that the deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc); *Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015); see also *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

**III. SPECIFIC OBJECTIONS**

**A. Objection No. 1: Dismissal Without Leave to Amend Is Error Because the Ninth Circuit Requires Amendment for Pro Se Litigants Unless It Is Absolutely Clear the Deficiencies Cannot Be Cured**

Plaintiff specifically objects to the Magistrate Judge's recommendation that this action be dismissed without leave to amend. [F&R at 10:1-5]. Even assuming arguendo that the Second Amended Complaint was deficient, dismissal without leave to amend is contrary to controlling Ninth Circuit authority governing pro se litigants.

In the Ninth Circuit, "leave to amend shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), and this rule is applied with "extreme liberality," particularly where the plaintiff is proceeding pro se. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003); see also *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"Dismissal without leave to amend is improper unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff has identified a specific, narrowed federal claim — set forth in the proposed Count I attached as Exhibit C — that directly addresses the deficiencies identified in the Findings and

3

Recommendations. The proposed amendment would remove unrelated probate, elder-abuse, burial, accounting, trustee-removal, state-court settlement, and trust-distribution issues, and would focus on one federal declaratory claim concerning U.S. Savings Bond registration, reissue, conversion, redemption, transfer, payment, proceeds, and Treasury-recognized transaction history.

Because it is not absolutely clear that amendment would be futile, the recommendation of dismissal without leave to amend should be rejected.

**B. Objection No. 2: Plaintiff Can Amend to Plead a Disputed and Substantial Federal Issue Under 28 U.S.C. § 1331**

Plaintiff specifically objects to the finding that amendment would be futile for lack of federal-question jurisdiction. [F&R at 8:16-28; 9:1-10]. Plaintiff can amend to plead that the narrowed claim necessarily raises a disputed and substantial federal issue concerning U.S. Savings Bonds: whether any registration change, reissue, conversion, redemption, transfer, or payment occurred and, if so, whether such transaction was recognized by the United States Treasury or is legally recognizable under applicable federal Treasury regulations.

Federal-question jurisdiction exists under 28 U.S.C. § 1331 when a claim arises under the Constitution, laws, or treaties of the United States. Where federal law does not itself create the cause of action, jurisdiction may still exist if the claim necessarily raises a federal issue that is actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314 (2005); *Gunn v. Minton,* 568 U.S. 251, 258 (2013).

4

The proposed claim does not rest merely on the factual discrepancy between approximately 143 bonds and approximately 13 accounted-for bonds. That discrepancy explains why an actual controversy exists. The federal issue is whether any registration change, reissue, conversion, redemption, transfer, or payment was recognized by the United States Treasury or is legally recognizable under federal regulations applicable to the particular bond series and form.

U.S. Savings Bonds are federal obligations issued under federal authority, and their registration, reissue, redemption, payment, conversion, and transfer are governed by federal law and Treasury regulations. See 31 U.S.C. § 3105. The applicable regulations may include, depending on the series and form of each bond, 31 C.F.R. Part 315 for older definitive savings bonds, Part 353 for definitive Series EE/HH bonds, Part 359 for Series I savings bonds, Part 360 for definitive paper Series I savings bonds, and Part 363 for book-entry or converted TreasuryDirect securities.

Plaintiff would plead these regulations cautiously and only as applicable after the bond series and form are determined. Plaintiff understands that not every savings-bond regulation applies to every bond.

Plaintiff does not contend that every dispute involving U.S. Savings Bonds belongs in federal court. Plaintiff relies on *Free v. Bland* and *Yiatchos v. Yiatchos* only for the limited proposition that federal law governs Treasury-recognized rights and incidents of ownership in U.S. Savings Bonds. *Free v. Bland*, 369 U.S. 663, 666–70 (1962); *Yiatchos v. Yiatchos*, 376 U.S. 306, 309–10 (1964).

Plaintiff relies on Grable and Gunn only for the proposition that a claim requiring interpretation and application of specific federal regulations may support § 1331 jurisdiction when the federal issue is necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance. *United States v. Chandler*, 410 U.S. 257

5

(1973) also reflects that federal regulations governing reissue and transfer can control the legal treatment of savings bonds.

At the leave-to-amend stage, Plaintiff need not prove the federal issue. Plaintiff must show only that amendment is not clearly futile. Because Plaintiff can amend to place the federal Treasury-recognition issue on the face of the complaint and separate it from probate administration, dismissal without leave should not be adopted.

**C. Objection No. 3: Section 2201 Is Invoked Only as a Declaratory Remedy, Not as an Independent Basis for Jurisdiction**

Plaintiff specifically objects to any conclusion that reliance on declaratory relief defeats jurisdiction. [F&R at 7:24-28; 8:1-10]. Plaintiff does not rely on the Declaratory Judgment Act as an independent basis for subject-matter jurisdiction.

Plaintiff invokes 28 U.S.C. § 1331 as the asserted source of federal-question jurisdiction. Plaintiff invokes 28 U.S.C. § 2201 only as the declaratory remedy if the Court concludes that the narrowed claim otherwise falls within federal jurisdiction.

The Declaratory Judgment Act "enlarged the range of remedies available in the federal courts, but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Federal Rule of Civil Procedure 57 likewise governs procedure for obtaining declaratory relief; it does not create subject-matter jurisdiction.

The proposed Third Amended Complaint would make this distinction explicit. Plaintiff would plead that the Court has jurisdiction, if at all, under § 1331 because the narrowed claim necessarily raises federal savings-bond issues, and that § 2201 is invoked only as the remedy for declaring the parties' rights and legal relations under applicable federal law and Treasury regulations.

6

**D. Objection No. 4: Treasury Confidentiality Rules and Exxon Shipping Support Non-Futility Only in a Limited Way**

Plaintiff specifically objects to dismissal without leave because the proposed amendment can safely and narrowly cite 31 C.F.R. § 323.2(b). [F&R at 8:16-28]. Plaintiff does not cite that regulation as a source of jurisdiction, standing, a private cause of action, or a present discovery entitlement.

Plaintiff cites 31 C.F.R. § 323.2(b) only to show that Treasury securities records are confidential and are not ordinary public records. The regulation provides that records relating to the purchase, ownership, and transactions in Treasury securities are ordinarily disclosed only to specified persons or entities, or where a proper order has been entered requesting disclosure to federal or state courts.

If the case proceeds beyond pleading, any request for Treasury securities records would have to be made through proper legal process and would remain subject to all applicable objections, limitations, privacy protections, and court orders.

Plaintiff also does not seek a discovery ruling through these objections. Exxon Shipping is cited only for the limited proposition that, if leave to amend is granted and the case proceeds beyond the pleading stage, federal agency records may be sought through proper federal process, subject to the Federal Rules of Civil Procedure, agency objections, privilege, relevance, proportionality, confidentiality, and protective orders. *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 777–80 (9th Cir. 1994).

Plaintiff does not contend that Exxon Shipping creates jurisdiction, creates standing, or guarantees access to Treasury records. Those issues are not before the Court on these objections. The point is narrower: the confidential nature of Treasury securities records explains why

7

amendment is not clearly futile and why the proposed federal claim cannot be evaluated as if the complete Treasury-recognized transaction history were available from ordinary public sources.

**E. Objection No. 5: The Narrowed Claim Does Not Fall Within the Probate Exception**

Plaintiff specifically objects to any conclusion that the proposed narrowed federal claim is barred by the probate exception. [F&R at 7:7-8; 8:4-10].

The probate exception is narrow. It reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, and it precludes federal courts from disposing of property in the custody of a state probate court. It does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). The Ninth Circuit applies the exception narrowly. *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017); *Silk v. Bond*, 65 F.4th 445, 451–57 (9th Cir. 2023). Trust-related in personam claims may also fall outside the exception when they do not require probate administration or in rem control over probate property. See *Curtis v. Brunsting*, 704 F.3d 406, 409–12 (5th Cir. 2013).

Plaintiff's proposed amendment would not ask this Court to probate a will, administer a trust or estate, approve accountings, appoint or remove trustees, distribute property, review a state-court judgment, or assume control over property in state-court custody.

The proposed claim does not require this Court to determine the validity of any trust document, the capacity of any settlor or trustee, or who had authority under state trust law. The proposed claim seeks only a declaration of what applicable federal Treasury regulations require for a registration change, reissue, conversion, redemption, transfer, or payment to be recognized by the United States.

8

Any reference to trust documents or disputed documents is included only as background explaining why the federal Treasury-recognition issue is disputed. Plaintiff does not ask this Court to decide state probate issues as a prerequisite to allowing amendment.

**F. Objection No. 6: Exhibits A–C Are Submitted Only to Show Amendment Is Not Futile**

Plaintiff specifically objects to dismissal without leave because Exhibits A, B, and C show that amendment is not clearly futile. [F&R at 9:18-20]. Plaintiff submits the exhibits for that limited purpose only.

Exhibit A is the Declaration of Donald G. Gravalec, Esq., dated August 8, 2025. Plaintiff would plead, if permitted, that Mr. Gravalec's declaration states facts relevant to why the proposed federal U.S. Savings Bond claim is disputed. Plaintiff does not ask the Court to decide the truth of Mr. Gravalec's statements at this stage.

Exhibit B is Ralph Struthers's March 1, 2019 First Amendment to the Ralph C. Struthers Revocable Trust. Plaintiff would plead, if permitted, that the document is relevant background to why the U.S. Savings Bond transaction history is disputed. Plaintiff does not ask the Court to construe the amendment, determine capacity, administer the trust, remove any beneficiary, or decide probate rights.

Exhibit C is the Proposed Count I: Declaratory Relief — Federal Recognition of U.S. Savings Bond Transactions Under Treasury Regulations. It shows how Plaintiff can amend to plead a focused federal declaratory claim concerning whether any registration change, reissue, conversion, redemption, transfer, or payment of the U.S. Savings Bonds at issue occurred and, if so, whether any such transaction was recognized by the United States Treasury or is legally recognizable under applicable federal regulations.

9

Exhibit C does not ask the Court to determine trust validity, settlor capacity, state-law trustee authority, probate administration, accountings, distribution, or the merits of disputed facts. The exhibits are not offered to prove the merits now. They are offered to show that Plaintiff can plead additional facts and a narrower federal theory if leave to amend is granted.

**G. Objection No. 7: Service Issues Support Consideration of Plaintiff's Response and Alternative Relief**

Plaintiff also requests that the Court consider the service issues described in the accompanying declaration. [F&R at 5:9-17].

Plaintiff did not receive the Harris & Plottel amended motion packet until May 30, 2026.

Plaintiff promptly filed a Notice of Non-Receipt and prepared this response as soon as practicable after receiving the packet.

Plaintiff does not rely on the service issue as a substitute for subject-matter jurisdiction. Rather, the service issue supports consideration of this filing and, at minimum, supports the alternative request for time to file a formal Rule 15(a)(2) motion for leave to amend or a complete proposed Third Amended Complaint if the Court requires one.

**IV. CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

Conduct de novo review under Rule 72(b);

Sustain Plaintiff's objections to the recommendation of dismissal without leave to amend;

Decline to adopt the Findings and Recommendations to the extent they recommend dismissal without leave and closure of the case;

Consider Plaintiff's Declaration and Exhibits A–C only for the limited purpose of determining whether amendment would be futile;

10

Grant Plaintiff leave to file a narrowed Third Amended Complaint containing the proposed

federal U.S. Savings Bond declaratory claim set forth in Exhibit C; and

In the alternative, if the Court determines that a formal noticed motion is required, grant Plaintiff

fourteen days to file a Rule 15(a)(2) motion for leave to amend attaching a proposed Third

Amended Complaint containing the narrowed Count I set forth in Exhibit C.

Respectfully submitted,

Dated: June 9, 2026

LaRonda Myers

Plaintiff Pro Se

11

## DECLARATION OF LARONDA MYERS IN SUPPORT OF OBJECTIONS AND REQUEST FOR LEAVE TO FILE NARROWED THIRD AMENDED COMPLAINT

I, LaRonda Myers, declare:

1. I am the Plaintiff in this action. I am proceeding pro se. I make this declaration based on my personal knowledge, except where stated on information and belief.

2. My mailing address is 12060 Mont Vista Drive, Auburn, California 95603.

3. I do not consent to electronic service in this case and do not accept email service of court filings, motions, notices, or legal documents.

4. I submit this declaration in support of my objections and request for leave to amend. I attach Exhibits A, B, and C only to show facts I can plead if leave to amend is granted. I am not asking the Court to resolve disputed facts, determine authenticity, decide credibility, or decide the merits at this stage.

5. On or about June 5, 2026, I received the Magistrate Judge's June 4, 2026 Order and Findings and Recommendations by mail.

6. On or about April 22, 2026, the Court issued an order concerning Harris & Plottel, LLP's amended motion to dismiss. My understanding is that the Court reopened briefing because Harris & Plottel's amended motion did not include its memorandum of points and authorities, and the notice stated that electronically filed documents must be served conventionally on me at my mailing address.

7. After receiving the Court's April 22, 2026 notice, I watched for the Harris & Plottel packet in the mail.

12

8. On May 26, 2026, I went to the federal courthouse and asked the Clerk's Office about the status of the case.

9. The Clerk's Office informed me that Harris & Plottel had filed a large packet, which I understood to be approximately 106 pages.

10. As of May 26, 2026, I had not received the Harris & Plottel packet by mail, email, or any other method.

11. Because I had not received the packet, I filed a Notice of Non-Receipt so the Court would know that I could not respond to papers I had not seen.

12. I received the physical Harris & Plottel packet in my mailbox on May 30, 2026.

13. I began preparing my response, objections, and this declaration promptly after receiving the packet.

14. I understand that the Findings and Recommendations state that my Second Amended Complaint did not adequately plead a federal question concerning U.S. Savings Bonds.

15. If granted leave to amend, I can file a narrowed Third Amended Complaint focused on federal U.S. Savings Bond registration, reissue, conversion, redemption, transfer, payment, proceeds, and Treasury-recognized transaction history.

16. I am not asking the federal court to administer a probate estate or trust, appoint trustees, remove trustees, distribute trust property, approve accountings, or decide state probate trial issues.

17. The federal issue I seek leave to plead is narrower. I seek declaratory relief concerning federally regulated U.S. Savings Bonds, including records from the Bureau of the Fiscal Service/Treasury, financial institutions, and Johnson/Murphy & Jones, Inc. ("JMJ") that may

13

show bond registration, reissue, conversion, redemption, transfer, payment, documentation submitted in connection with those transactions, and proceeds.

18. Based on documents and information available to me, I allege that approximately 143 U.S. Savings Bonds existed in connection with Ralph and Darlene Struthers and/or trust-related assets.

19. Based on records presently available to me, only approximately 13 U.S. Savings Bonds are presently accounted for.

20. I understand and allege that many of the U.S. Savings Bonds were Series I Savings Bonds, but I do not yet know every series or form of every bond because complete bond-related records have not been produced to me.

21. If leave is granted, I seek to plead that complete bond-related records are necessary to determine what U.S. Savings Bonds existed, who they were registered to, whether any were reissued, converted, redeemed, transferred, or paid, what documentation was submitted or relied upon in connection with those transactions, and where any proceeds went.

22. I understand that JMJ records may contain or identify bond inventories, transaction-related documents, communications, and records concerning U.S. Savings Bonds.

23. In late January and early February 2025, while meeting with Donald G. Gravalec, Esq., in San Diego County, I obtained for the first time a copy of Ralph Struthers's notarized March 1, 2019 First Amendment to his October 22, 2017 trust.

24. I later obtained Mr. Gravalec's written declaration dated August 8, 2025.

25. Attached as Exhibit A is a copy of the Declaration of Donald G. Gravalec, Esq., dated August 8, 2025, submitted for the limited purpose of showing facts Plaintiff can plead if leave to amend is granted.

14

26. Mr. Gravalec states in his declaration that the purported June 4, 1993 Struthers Family Revocable Trust being used is not a true or accurate copy of the trust he prepared and, in his opinion, is a forgery with significant alterations. I seek leave to plead these facts only as background to the federal U.S. Savings Bond claim.

27. Attached as Exhibit B is a copy of Ralph Struthers's March 1, 2019 First Amendment to the Ralph C. Struthers Revocable Trust, submitted for the limited purpose of showing facts Plaintiff can plead if leave to amend is granted.

28. My understanding of the March 1, 2019 First Amendment is that Ralph stated that any beneficiary found to have participated in changing his June 4, 1993 Struthers Family Revocable Trust would be removed from his 2017 trust. I am not asking the Court to construe or enforce that provision in this federal action.

29. To my knowledge, these documents were not previously available to me despite years of litigation, subpoenas, and discovery efforts in state court proceedings.

30. Attached as Exhibit C is the Proposed Count I: Declaratory Relief — Federal Recognition of U.S. Savings Bond Transactions Under Treasury Regulations, showing how I can amend to plead a focused federal declaratory claim if granted leave to amend.

31. If leave is granted, I can plead defendant-specific facts presently known to me concerning bond-related records, documentation submitted or relied upon in connection with bond-related transactions, communications, and transaction-related records.

32. If leave is granted, I can amend to plead only those background facts concerning disputed documents that are necessary to explain why the federal U.S. Savings Bond registration, reissue, conversion, redemption, transfer, payment, and proceeds are disputed.

15

33. I recognize that my primary basis for federal jurisdiction is federal-question jurisdiction based on U.S. Savings Bond registration, reissue, conversion, redemption, transfer, payment, proceeds, and federal savings-bond regulations.

34. The state court proceedings are still addressing trust, accounting, authority, settlement, and capacity issues. I am not asking the federal court to decide those state probate issues in this case.

35. If granted leave to amend, I will promptly file a Third Amended Complaint that narrows the federal claim to U.S. Savings Bond declaratory relief under federal law and separates the federal Treasury-recognition issue from pending state probate matters.

36. The facts set forth above are submitted only to support my request for leave to amend and to show that amendment is not futile. I am not asking the Court to decide disputed facts or the merits at this stage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2026, at Auburn, California.

LaRonda Myers

Plaintiff Pro Se

16

**EXHIBIT A COVER PAGE**

**EXHIBIT A**

Declaration of Donald G. Gravalec, Esq.

Dated: August 8, 2025

Submitted solely in support of Plaintiff's objections and request for leave to amend. Plaintiff submits this exhibit only to show facts she can plead if leave to amend is granted and to show that amendment is not futile.

Plaintiff does not ask the Court to decide authenticity, credibility, disputed facts, probate issues, trust administration issues, or the merits at this stage.

Any personal identifiers required to be redacted under Federal Rule of Civil Procedure 5.2 have been redacted.

17

Donald G. Gravalec (110610)
Attorney and Counselor at Law
2562 Hollywood Drive
Campo, CA 91906
Telephone No. 619-478-1233
Email: gravalec@lawyer.com

Attorney for Laronda Myers

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

IN THE MATTER OF:                          ) Case No.: Case No.: S-PR-0010014
                                           )
RALPH C. STRUTHERS                         )
REVOCABLE TRUST,                           ) DECLARATION OF  DONALD G. GRAVALEC,
DATED: OCTOBER 22, 2017                     )
                                           )

I am Donald G. Gravalec, an attorney at law, duly admitted to practice before all the Courts of the State of California since 1983.

I have personal knowledge of the following facts and if called, can testify competently thereto:

1. A substantial portion of my law practice has been devoted to estate planning, drafting wills and trusts, estate administration, and estate litigation, having drafted an estimated number of trusts in excess of 1000 during my career to date.

2. I have continually used what was originally known as Matthew Bender Trust Drafting software, and its many subsequent iterations to date in the preparation of the trusts; having purchased the first version offered by the company in approximately 1984, a version that preceded the DOS version.

3. Although there have been many developments and changes to the language of trusts produced with that software, there have remained certain characteristics and provisions that have remained constant, producing trust instruments with certain identifiable characteristics and

Page -1-                    Declaration of Donald G. Gravalec, Esq.

language differentiating them from other sources.

4. In approximately May of 1993, Ralph and Darlene Struthers contacted my office located in Redding California, regarding creating an estate plan.

5. As was, and remains, my current practice, I met with the prospective clients, discussed their estate planning objectives and proposed a suitable plan. Upon the client's ascent, I provide the relevant information to my paralegal to prepare the requested documents, and upon completion, meet with the client(s) to explain them prior to execution and notarization.

6. At the time that I prepared  Mr. and Mrs. Struther's revocable trust and supporting documents, Ann E. Ridyard was employed as my paralegal and she drafted the trust documents for my approval and when the documents were executed by the clients on June 4, 1993, she provided the Notary service.

7. Since 32 years have passed since the execution of that document, my physical and electronic file copy of the document that I prepared and the Struthers signed has been lost.

8. I have carefully reviewed the document attached as Exhibit 1, purported to be a copy of THE STRUTHERS FAMILY REVOCABLE TRUST dated: June 4, 1993.

9. Despite not having a file copy for comparison, and the fact that  the purported copy of the trust does contain certain language that I would identify as typical in a trust drafted by me, and bears the signatures of Ralph and Darlene Struthers as well as an  Acknowledgment signed and sealed by Ann E. Ridyard,  my review of the document reveals  there have  been numerous and significant alterations in both language and format. Accordingly,   I can state without reservation that the document is neither a true nor accurate copy of STRUTHERS FAMILY REVOCABLE TRUST that I prepared in 1993, and that  was signed by  and notarized by Ms. Ridyard. The purported trust referred to herein is in my opinion,  a forgery with significant alterations from the original I drafted.

9.  I declare under penalty of perjury under the laws of the State of California that the Foregoing is true and correct.

Dated: August 8, 2025

Donald G. Gravalec

Page -2-                                 Declaration of Donald G. Gravalec, Esq.

**EXHIBIT B COVER PAGE**

**EXHIBIT B**

Ralph Struthers's March 1, 2019 First Amendment to the Ralph C. Struthers Revocable Trust

Submitted solely in support of Plaintiff's objections and request for leave to amend. Plaintiff

submits this exhibit only to show facts she can plead if leave to amend is granted and to show

that amendment is not futile.

Plaintiff does not ask the Court to construe or enforce the amendment, decide trust

administration issues, determine capacity, distribute property, or decide probate matters.

Any personal identifiers required to be redacted under Federal Rule of Civil Procedure 5.2 have

been redacted.

18

Case 2:25-cv-01926-TLN-CSK   Document 61   Filed 06/09/26   Page 26 of 35

Sealed by Notary - to be opened
on death of Ralph C. Struthers

Sharon Walter

## FIRST AMENDMENT TO THE
## RALPH C. STRUTHERS REVOCABLE TRUST
### Established October 22, 2017

RALPH C. STRUTHERS, settlor and trustee of the RALPH C. STRUTHERS REVOCABLE TRUST established October 22, 2017, does hereby amend said trust in the following particulars:

In every instance where the following matters are identified, the following replaces that information:

1.      The name of my childrens' mother to be corrected as follows: ERMA LOU STRUTHERS.

2.      If any beneficiary named in my trust is found to have been a party to changing my Struthers 1993 Trust, that beneficiary is removed as a beneficiary from my Ralph Struthers 2017 Trust.

3.      The share of my granddaughter, LEAH MARIE GULLIKSEN, (Charlotte Kay's daughter), shall be divided into three shares, one each for LEAH MARIE GULLIKSEN, RYAN EMILY GULLIKSEN and NATHAN DAIELE EVANS. The share for LEAH MARIE GULLIKSEN shall be given to her outright. The shares for RYAN EMILY GULLIKSEN and NATHAN DAIELE EVANS shall be held in trust (savings bonds) until they reach the age of 18.

4.      In the event there is any disagreement between my family, my daughter, LARONDA MYERS, will have the final decision as to my final resting place.

5.      In the event that LARONDA MYERS has not been reimbursed for the funeral expenses of my disabled daughter, CHARLOTTE KAY, or expenses she incurred taking care of me prior to my death, she is to receive reimbursement in full from my trust before any other distributions are made.

In all other respects, the undersigned settlor and trustee reaffirms and ratifies the aforementioned trust.

The undersigned settlor certifies that he has read the foregoing trust amendment and that it correctly states the amended   terms and conditions under which the trust estate is to be held, managed, and disposed of by the trustees.

Dated: March 1, 2019

_____

RALPH C. STRUTHERS,
Settlor and Trustee

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA     )
                                ) ss.
COUNTY OF PLACER        )

On March 1, 2019, before me, Sharon Walter, a Notary Public, appeared RALPH C. STRUTHERS, proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entities upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Sharon Walter_

Notary Public, State of California

SHARON WALTER
Commission # 2131153
Notary Public - California
Placer County
My Comm. Expires Nov 19, 2019

**EXHIBIT C**

**PROPOSED COUNT I**

**DECLARATORY RELIEF — FEDERAL RECOGNITION OF U.S. SAVINGS BOND**

**TRANSACTIONS UNDER TREASURY REGULATIONS**

(To be included in Plaintiff's Third Amended Complaint if leave to amend is granted)

**COUNT I**

**DECLARATORY RELIEF — FEDERAL RECOGNITION OF U.S. SAVINGS BOND**

**TRANSACTIONS UNDER TREASURY REGULATIONS**

(28 U.S.C. §§ 1331 and 2201; Fed. R. Civ. P. 57)

Plaintiff alleges that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this Count necessarily raises disputed and substantial federal issues concerning federally regulated U.S. Savings Bonds.

Plaintiff invokes 28 U.S.C. § 2201 only as a declaratory remedy. Plaintiff does not rely on § 2201 as an independent source of subject-matter jurisdiction.

U.S. Savings Bonds are federal obligations. Their registration, reissue, conversion, redemption, transfer, payment, and the Treasury's recognition of such transactions are governed by federal law and applicable Treasury regulations, including, as relevant to each bond's series and form, 31 C.F.R. Parts 315, 353, 359, 360, and 363.

Plaintiff alleges, based on records and information presently available to her, that Ralph C. Struthers and Darlene Struthers held or were connected to approximately 143 U.S. Savings Bonds, but only approximately 13 are presently accounted for in records available to Plaintiff.

19

An actual controversy exists concerning whether any registration change, reissue, conversion, redemption, transfer, or payment of the U.S. Savings Bonds at issue occurred and, if so, whether any such transaction was recognized by the United States Treasury or is legally recognizable under applicable federal regulations.

Plaintiff alleges that records from the Bureau of the Fiscal Service/Treasury, financial institutions, and Johnson/Murphy & Jones, Inc. may contain or identify bond inventories, registrations, reissues, conversions, redemptions, transfers, payments, documentation submitted in connection with those transactions, and the disposition of proceeds.

Treasury securities records are confidential and are not ordinary public records. Plaintiff references 31 C.F.R. § 323.2(b) only to explain why complete Treasury-recognized transaction histories are not available from public sources and why amendment is not clearly futile.

Plaintiff does not ask this Court to determine the validity of any trust document, determine the capacity of any settlor or trustee, decide who had authority under state trust law, administer a trust or estate, approve accountings, appoint or remove fiduciaries, distribute property, review a probate judgment, or assume control over property in state-court custody.

Plaintiff seeks only a declaration of the parties' rights and legal relations under applicable federal law and Treasury regulations concerning Treasury-recognized registration, reissue, conversion, redemption, transfer, payment, and proceeds of the U.S. Savings Bonds at issue.

If this claim proceeds beyond pleading, Plaintiff may seek bond-related records through proper federal process, subject to all applicable objections, privileges, privacy protections, confidentiality rules, relevance requirements, proportionality limits, and protective orders.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

20

A. A declaration of the parties' rights and legal relations under applicable federal law and Treasury regulations concerning Treasury-recognized registration, reissue, conversion, redemption, transfer, payment, and proceeds of the U.S. Savings Bonds at issue;

B. A declaration, after proper development of the record, concerning whether any registration change, reissue, conversion, redemption, transfer, or payment of the U.S. Savings Bonds occurred and, if so, whether any such transaction was recognized by the United States Treasury or is legally recognizable under applicable Treasury regulations;

C. Ancillary relief, if any, permitted by the Federal Rules of Civil Procedure and necessary to effectuate declaratory relief concerning the federal U.S. Savings Bond issue, subject to all applicable objections and protections; and

D. Such other and further relief as the Court deems just and proper, limited to the federal U.S. Savings Bond declaratory claim and excluding probate or trust administration.

21

**[PROPOSED] ORDER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LaRonda Myers,

Plaintiff,

v.

G. Kevin Lachona, Esq., et al.,

Defendants.

Case No. 2:25-cv-01926-TLN-CSK

**[PROPOSED] ORDER RE PLAINTIFF'S SPECIFIC OBJECTIONS TO FINDINGS AND RECOMMENDATIONS AND REQUEST FOR LEAVE TO FILE NARROWED THIRD AMENDED COMPLAINT**

Having considered Plaintiff LaRonda Myers's specific objections to the Magistrate Judge's Findings and Recommendations, request for leave to amend, declaration, and Exhibits A–C, the Court orders as follows:

1. Plaintiff's objections are sustained to the extent they challenge dismissal without leave to amend.

2. The Findings and Recommendations are not adopted to the extent they recommend dismissal without leave to amend and closure of the case.

3. To the extent the Second Amended Complaint is dismissed, dismissal is with leave to amend.

22

4. Plaintiff is granted leave to file a Third Amended Complaint within fourteen days of this Order.

5. The Third Amended Complaint shall be limited to the narrowed federal U.S. Savings Bond declaratory claim described in Exhibit C and any factual allegations necessary to plead that claim.

6. The Court has considered Exhibits A–C only for the limited purpose of determining whether amendment would be futile. The Court makes no findings at this stage concerning authenticity, credibility, disputed facts, probate issues, trust administration, or the merits.

7. The Clerk is not directed to close the case at this time.

8. Defendants shall respond to the Third Amended Complaint in accordance with the Federal Rules of Civil Procedure and any further order of the Court.

IT IS SO ORDERED.

Dated: _____, 2026

_____

Hon. Troy L. Nunley

United States District Judge

23

## PROOF OF SERVICE BY MAIL

I, Shirley Semple, declare:

I am over the age of 18 and am not a party to this action.

I reside in or am employed in the county where the mailing occurred.

On June 9, 2026, I served the following documents:

**a.** Plaintiff's Specific Objections to the Magistrate Judge's Findings and Recommendations (ECF No. 60) and Request for Leave to File a Narrowed Third Amended Complaint;

**b.** Memorandum of Points and Authorities;

c. Declaration of LaRonda Myers;

**d.** Exhibit A — Declaration of Donald G. Gravalec, Esq., dated August 8, 2025;

**e.** Exhibit B — Ralph Struthers's March 1, 2019 First Amendment to the Ralph C. Struthers Revocable Trust;

**f.** Exhibit C — Proposed Count I: Declaratory Relief — Federal Recognition of U.S. Savings Bond Transactions Under Treasury Regulations;

**g.** [Proposed] Order; and

**h.** Proof of Service by Mail.

I served the documents by placing true and correct copies in sealed envelopes with first-class postage fully prepaid and depositing the envelopes with the United States Postal Service at Auburn, California, addressed as follows:

Hansen, Sommer & Batchman LLP
Jason J. Sommer, Esq.
Terry J. Martin, Esq.
1520 Eureka Road, Suite 100
Roseville, CA 95661
Attorneys for Defendant Harris & Plottel, LLP

24

Lachona Law
G. Kevin Lachona, Esq.
2450 Venture Oaks Way, Suite 200
Sacramento, CA 95833
Attorneys for Defendants Belinda Connor, Julie Hatridge, and Carole Campbell

Murphy, Pearson, Bradley & Feeney, P.C.
Kimberly A. Shields, Esq.
Jonathan J. Kim, Esq.
550 California Street, 14th Floor
San Francisco, CA 94104-1001
Attorneys for Defendants Lachona Law and G. Kevin Lachona

Klinedinst PC
Kristin N. Blake, Esq.
Natalie P. Vance, Esq.
801 K Street, Suite 2100
Sacramento, CA 95814
Attorneys for Defendant Drobny Rosenthal Law Offices, PC

The Law Offices of Johnson, Murphy & Jones, Inc.
J. Dean Johnson
Hannah E. Murphy
Cori B. Jones
928 West Grand Avenue
Grover Beach, CA 93433
Defendants

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2026, at Auburn, California.

*Shirley Semple*

Shirley Semple

25